CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 13 2012

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| QUENTIN MCLEAN,<br>    Plaintiff, | Civil Action No. 7:12cv00495 |
| v. | **MEMORANDUM OPINION** |
| Mr. Kiser *et al.*,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Quentin McLean, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against a number of employees at Red Onion State Prison, alleging violations of his Eighth and Fourteenth Amendment rights. McLean seeks an injunction ordering that the defendants provide him with new clothing, bedding, and shoes; that the defendants stop interfering with his recreation and shower privileges; and that the guards "in close proximity" to him be closely monitored.

Federal courts have dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), at least three of McLean's previous prisoner complaints.[1] Section 1915(g) of Title 28 provides that a prisoner may not bring a civil action without prepayment of the required $350.00 filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] See McLean v. Faust, No. 2:99cv625 (E.D. Va. June 2, 1999) (dismissed with prejudice for failure to state a claim); McLean v. Bolling, No. 7:99cv341 (W.D. Va. July 26, 1999) (dismissed with prejudice for failure to state a claim); McLean v. United States, No. 2:06cv447 (E.D. Va. Sept. 12, 2006) (dismissed with prejudice for failure to state a claim). The court notes that in McLean v. United States, 566 F.3d 391 (4th Cir. 2009), the United States Court of Appeals for the Fourth Circuit stated that McLean was not a three-striker. However, after the court affirmed the district court's dismissal of McLean's case for failure to state a claim, McLean received his third strike. As noted by the dissent in that case, "[g]iven that the majority agrees that McLean has at least two previous strikes, McLean should hereafter be deemed a three-striker." Since then, McLean has had multiple claims dismissed on this basis. See, e.g., McLean v. Ratliff, No. 7:12cv227 (W.D. Va. May 29, 2012); McLean v. Pease, No. 7:12cv432 (W.D. Va. Sept. 17, 2012).

McLean has neither paid the filing fee, nor shown that he is "under imminent danger of serious physical injury." § 1915(g). Accordingly, the court denies McLean's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and dismisses his complaint without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** November 13, 2012.

_____
UNITED STATES DISTRICT JUDGE